IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TALELE NARAI KADALUKA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:23-cv-1709-X-BN |
| | § | |
| STATE FARM INSURANCE, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Talele Narai Kadaluka filed a *pro se* complaint against her employer alleging wrongful employment practices. *See* Dkt. No. 3. United States District Judge Brantley Starr referred the complaint to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. The Court will grant Kadaluka's motion for leave to proceed *in forma pauperis* (IFP) [Dkt. No. 4] through a separate order, subjecting her claims to screening under 28 U.S.C. § 1915(e)(2). And the undersigned enters these findings of fact, conclusions of law, and recommendation that, to the extent and for the reasons set out below, the Court should dismiss the complaint.

**Legal Standards**

Section 1915(e)(2) authorizes the Court to dismiss a complaint filed IFP if it fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). "The language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per

curiam). So the pleading requirements as set out in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), apply to the Court's screening of a complaint filed IFP.

Considering these standards, Federal Rule of Civil Procedure 8(a)(2) does not require that a complaint contain detailed factual allegations, just "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. So, "[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.* (quoting *Twombly*, 550 U.S. at 557). On the other hand, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

And, while a court must accept a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Twombly*, 550 U.S. at 555). In fact, "the court does not 'presume true a number of categories of statements, including,'" in addition to legal conclusions, "'mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement.'" *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021)).

In sum, to survive dismissal, plaintiffs must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir. 2019) ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679)).

And "[t]he burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

**Analysis**

Kadaluka indicates that she may bring claims under Title VII of the Civil Rights Act of 1964 for discrimination based on race, color, religion, sex, and national origin. *See* Dkt. No. 3 at 6. But the facts alleged stop short of showing that her employer plausibly violated Title VII.

Those facts are that Kadaluka, who "worked as a claim specialist for State Farm Insurance in the fire department," "started to be bullied professionally by [her] manager," who "would yell and openly criticize [Kadaluka] in front of [her] peers," while "preferential treatment was given to them." Dkt. No. 3 at 1. Kadaluka further alleges that her manager "harassed [her] with constant threats about firing [her]"; that she "was told [that she] did not 'fit' the ideal company image" and that she "did

not belong because of [her] background and experiences"; that, "[o]n constant occasions, [she] was intimidated and [her] work sabotaged by her" manager; and that her manager "was overly critical and her advice was not value added." *Id.*

To plausibly allege (and ultimately prove) discrimination claims against an employer requires that a plaintiff either rely on direct evidence of discrimination or proceed under a burden-shifting analysis.

"'[D]irect evidence is rare'" and has been defined by the United States Court of Appeals for the Fifth Circuit "as 'evidence which, if believed, proves the fact without inference or presumption.'" *Clark v. Champion Nat'l Sec., Inc.*, 952 F.3d 570, 579 (5th Cir. 2020) (footnotes omitted). For example, "'[a] statement or document which shows "on its face that an improper criterion served as a basis – not necessarily the sole basis, but a basis – for the adverse employment action [is] direct evidence of discrimination."'" *Clark*, 952 F.3d at 579 (footnote omitted).

The facts alleged do not support direct evidence of discrimination. So, turning to the first step in the burden-shifting analysis, Kadaluka must allege facts to articulate a prima facie case of discrimination. Those are that she

> (1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group.

*McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007) (citation omitted).

A plaintiff need not establish a prima facie case at the pleading stage. *See Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 766 (5th Cir. 2019); *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013).

But a plaintiff must "plead sufficient facts on all of the ultimate elements of his claim to make his case plausible," *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016) (citations omitted), so a district court may rely on the prima facie elements "to frame [its] inquiry" at the pleading stage, *Norsworthy v. Hous. Indep. Sch. Dist.*, 70 F.4th 332, 336 (5th Cir. 2023); *see also Meadows v. City of Crowley*, 731 F. App'x 317, 318 (5th Cir. 2018) (per curiam) (*Raj* "does not exempt a plaintiff from alleging facts sufficient to establish the elements of her claims." (citations omitted)); *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 387 n.1 (5th Cir. 2017) ("Although not a pleading standard, this court has looked to the 'evidentiary framework' set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), to determine whether a plaintiff pleads discriminatory intent." (cleaned up)).

And, as to discrimination, plaintiffs "must plausibly set out facts that the 'defendant took the adverse employment action against [them] *because of* [a] protected status.'" *Sanchez v. Chevron N. Am. Exploration & Prod. Co.*, No. 20-30783, 2021 WL 5513509, at *6 (5th Cir. Nov. 24, 2021) (per curiam) (quoting *Raj*, 714 F.3d at 331; emphasis by *Raj*). That is, as to discrimination based on race or national origin, for example, "a plaintiff must allege 'facts, direct or circumstantial, that would suggest the employer's actions were based on the plaintiff's race or national origin or that the employer treated similarly situated employees of other races or national origin more favorably.'" *Id.* (cleaned up; quoting *Raj*, 714 F.3d at 331).

In sum, at this stage, the Court must ask whether enough facts, accepted as true, allege an actionable employment-based claim. *See Swierkiewicz v. Sorema N.A.*,

534 U.S. 506, 512-13 (2002). And, if a plaintiff "has not pled [enough] facts," it is "proper[ to] dismiss" the complaint (or a claim therein). *Meadows*, 731 F. App'x at 318; *see also Cicalese*, 924 F.3d at 766-67 (noting that the district court's "task is to identify the ultimate elements of [the applicable employment-related] claim and then determine whether the" plaintiff has pled those elements but that a "district court err[s if it] require[es a plaintiff] to plead something beyond those elements to survive a motion to dismiss").

Kadaluka's allegations fail to provide facts that would support several critical elements of a plausible employment discrimination claim. No facts support that she is a member of a protected group. And no facts show that she suffered some adverse employment action. Nor do any facts support that she was treated less favorable than other <u>similarly situated</u> employees <u>outside her protected group</u>.

As to this last required element, while Kadaluka may allege that she was treated less favorably than her coworkers, no facts alleged reflect that any coworker was outside a protected group that Kadaluka may belong to, nor has Kadaluka alleged that a coworker outside her protected group "under nearly identical circumstances" was treated more favorably. *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 260 (5th Cir. 2009); *see also Reyna v. Donley*, 479 F. App'x 609, 611-12 (5th Cir. 2012) (per curiam) ("An employee must proffer a comparator who was treated more favorably 'under nearly identical circumstances,' which is satisfied when 'the employees being compared held the same job or responsibilities, shared the same supervisor or had their employment status determined by the same person, and have

essentially comparable violation histories.'" (quoting *Lee*, 574 F.3d at 260)).

In sum, Kadaluka was not "allege[d] 'facts, direct or circumstantial, that would suggest the employer's actions were based on [her sex, color, religion,] race or national origin or that the employer treated similarly situated employees [outside her protected group] more favorably.'" *Sanchez*, 2021 WL 5513509, at *6. So Kadaluka has not alleged an adverse employment action against her "'*because of* [a] protected status.'" *Id.*

Further, insofar as the facts Kadaluka provides could be construed as also alleging a hostile workplace, none of her allegations, alone or in combination, are sufficiently severe or pervasive to have altered the conditions of her employment.

"Hostile work environment is a specific discrimination claim under Title VII." *Hudson v. Lincare, Inc.*, 58 F.4th 222, 229 (5th Cir. 2023) (citing *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 18-19 (1993)). "When a 'workplace is permeated with "discriminatory intimidation, ridicule, and insult," that is "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment," Title VII is violated.'" *Id.* (quoting *Harris*, 510 U.S. at 21 (quoting, in turn, *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 65, 67 (1986))).

A required prima facie element of a claim of hostile work environment is that "the harassment complained of affected a term, condition, or privilege of employment." *Johnson*, 7 F.4th at 399-400 (citing *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002)). "To affect a term, condition, or privilege of employment, the harassing conduct 'must be sufficiently severe or pervasive to alter the conditions of

the victim's employment and create an abusive working environment.'" *E.E.O.C. v. Boh Bros. Constr. Co.,* 731 F.3d 444, 453 (5th Cir. 2013) (en banc) (cleaned up; quoting *Aryain v. Wal-Mart Stores of Tex., L.P.*, 534 F.3d 473, 479 (5th Cir. 2008)).

Courts in this circuit apply "an objective 'reasonable person' standard to evaluate severity and pervasiveness." *Id.* (citing *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 82 (1998)).

This inquiry "requires that the court consider 'all the circumstances,' including 'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" *Johnson*, 7 F.4th at 400 (quoting *Harris*, 510 U.S. at 23). But "no single factor is required." *Harris*, 510 U.S. at 23.

The Court should therefore dismiss Kadaluka's complaint under Section 1915(e)(2)(B)(ii).

## Leave to Amend

The time to file objections to this recommendation (further explained below) allows Kadaluka an opportunity to cure the deficiencies identified above (that is, to provide enough facts to plausibly allege all elements of the claims asserted) and thus show the Court that this case should not be dismissed with prejudice at this time and that the Court should instead grant Kadaluka leave to amend. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, FED. R. CIV. P. 15(a)(2), but a movant

must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 590 (5th Cir. 2016). If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave. *McKinney v. Irving Indep. Sch. Dist.*, 309 F.3d 308, 315 (5th Cir. 2002) (affirming denial of leave to amend where plaintiffs 'failed to amend their complaint as a matter of right, failed to furnish the district court with a proposed amended complaint, and failed to alert both the court and the defendants to the substance of their proposed amendment').").

If Kadaluka fails to show that leave to amend should be granted, the Court should dismiss this case with prejudice.

**Recommendation**

The Court should dismiss this action with prejudice unless, within the time to file objections, Plaintiff Talele Narai Kadaluka satisfactorily shows a basis to amend the complaint to allege a plausible claim.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 9, 2023

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE